UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROCCO PULSONE** ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| **BAY AREA CREDIT SERVICE** ) | |
| **LLC** ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Rocco Pulsone, by and through his undersigned counsel, Bruce K. Warren, Esquire, and Brent F. Vullings, Esquire of Warren & Vullings, LLP complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Rocco Pulsone, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and Defendant transacts business in this District.

### III. PARTIES

4. Plaintiff, Rocco Pulsone, is an adult natural person residing at 5 Haverhill Avenue, Cherry Hill, NJ 08002-2403. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Bay Area Credit Service LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the state of New Jersey and the state of California, with its principal place of business located at 1901 W. 10th Street, Antioch, CA 94509.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around September, 2010 Plaintiff started to receive calls to his work cell phone from the Defendant collecting on a debt allegedly owed to AT&T Mobile for approximately $320.55.

8. Plaintiff told Defendant's agent, "Ms. Stevens", at that time that she could not call him while he was at work, however the calls continued from 800-399-2019.

9. Defendant's agent, "Ms. Stevens", stated that it didn't matter if they called his work and they would continue to do so until they received payment.

10. On or about September 6, 2010, Plaintiff received a notice in the mail from Defendant informing him that his account was now delinquent and that he needed to make payment in full. **See Exhibit "A" (notice) attached hereto**.

11. At the same time, Plaintiff continued to receive calls to his cell phone from Defendant collecting on the aforementioned debt.

12. On or about October 12, 2010, Plaintiff received another call to his place of employment from Defendant's agent, "Ms. Stevens", demanding that full payment be made on this account.

13. Plaintiff again told the Defendant that they could not call him in work.

14. Defendant's agent would just speak over the Plaintiff and inform him that it didn't matter and that they would continue to call him.

15. On or about October 13, 2010, Plaintiff received another call to his place of employment from Defendant's agent, "Ms. Booker", from number 800-214-5291; Plaintiff again explained that they could not call him on his work line.

16. Defendant informed Plaintiff that they were collecting a debt and that they had the right to call him anywhere they wanted.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e | Any other false, deceptive or misleading representation or means in connection with the debt collection |

| | | |
|---|---|---|
| | §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Bay Area Credit Service LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                          **Respectfully submitted,**

                          **WARREN & VULLINGS, LLP**

**Date: October 15, 2010**

                          **BY: /s/ Bruce K. Warren**
                          Bruce K. Warren, Esquire


                          **BY: /s/ Brent F. Vullings**

                          Brent F. Vullings, Esquire

                          Warren & Vullings, LLP
                          1603 Rhawn Street
                          Philadelphia, PA  19111
                          215-745-9800   Fax 215-745-7880
                          Attorneys for Plaintiff